Dear Mr. Kirkpatrick:
This letter is in response to your request from this office asking our advice as to whether Judge Robert W. Berrey, III, Judge of the Missouri Court of Appeals, Western District, is required to file his declaration of candidacy for the November 6, 1984, election.
It is our understanding that Judge Berrey was appointed to fill a vacancy on the Missouri Court of Appeals, Western District, on November 3, 1983, by Governor Christopher S. Bond, under the provisions of Section 25(a), Article V, Missouri Constitution, for a term ending December thirty-first, following the next general election after the expiration of twelve months in office. It is also our understanding that Judge Berrey did not take the oath of office or assume office until December 2, 1983.
The tenure of such judges is provided by Section 25(c)(1), Article V, Missouri Constitution, which provides in relevant part as follows:
 Each judge appointed pursuant to the provisions of sections 25(a)-(g) shall hold office for a term ending December thirty-first following the next general election after the expiration of twelve months in the office. . . . Not less than sixty days prior to the holding of the general election next preceding the expiration of his term of office, any judge whose office is subject to the provisions of sections 25(a)-(g) may file in the office of the secretary of state a declaration of candidacy for election to succeed himself. If a declaration is not so filed by any judge, the vacancy resulting from the expiration of his term of office shall be filled by appointment as herein provided. If such declaration is filed his name shall be submitted at the next general election to the voters eligible to vote within the state if his office is that of judge of the supreme court, or within the geographic jurisdiction limit of the district where he serves if his office is that of a judge of the court of appeals, . . . . If a majority of those voting on the question vote against retaining him in office, upon the expiration of his term of office, a vacancy shall exist which shall be filled by appointment as provided in Section 25(a); otherwise, said judge shall, unless removed for cause, remain in office for the number of years after December thirty-first following such election as is provided for the full term of such office, and at the expiration of each term shall be eligible for retention in office by election in the manner here prescribed.
Under Section 19, Article V, Missouri Constitution, judges of the Court of Appeals are selected for terms of 12 years.
It seems to us that under the provisions of Section 25(c)(1) such judges appointed to fill a vacancy are not serving the remainder of a term, but, instead are beginning their own term of office as provided by such section. The description of the term in this case in the appointment document uses identically the same language provided in Section 25(c)(1), that is, "a term ending December thirty-first following the next general election after the expiration of twelve months in the office." This language in our view refers to twelve months actual service in the office to which such a judge is appointed.
Under Section 476.280, RSMo 1978, each judge is required to take an oath of office before entering upon the duties of his office. The taking of an oath has been held, in another factual context, necessary to qualify for office. Labor's Educational andPolitical Club-Independent v. Danforth, 561 S.W.2d 339, 344 (Mo. banc 1978). See also, Section 11, Article VII, Missouri Constitution.
Judge Berrey, we are advised, did not take the oath of office or assume office until December 2, 1983. Accordingly, under the provisions of the Constitution, he would be required to file his declaration of candidacy for election to succeed himself at the general election after the expiration of twelve months in office, said twelve months commencing December 2, 1983. He should not, in our view, file for retention in the 1984 general election.
Very truly yours,
 JOHN ASHCROFT Attorney General